UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CSC Holdings, Inc.,
Plaintiff

04 Civ. 0597 (SCR)

v.

MEMORANDUM DECISION
AND ORDER

Richard Janeiro,
Defendant

---

Stephen C. Robinson, United States District Judge:

## I. Background

CSC Holdings, Inc. ("Cablevision" or "Plaintiff") brought this action against Richard Janeiro ("Janeiro" or "Defendant") seeking injunctive relief and damages pursuant to the Communications Act of 1934, 47 §§ U.S.C. 553(a)(1) and 605(a).

Specifically, Cablevision alleges that Janeiro engaged, or assisted, in the unauthorized reception of Cablevision's private telecommunications signals through the use or redistribution of "pirate" cable television decoding equipment purchased by Janeiro from Wholesale Electronics.

Cablevision filed its initial complaint in this action on January 26, 2004, and served it on the Defendant on February 23, 2004. On June 8, 2004, the Defendant filed a motion to dismiss the action essentially because the complaint incorrectly spelled the Defendant's name "Janerio." That motion was made moot by Plaintiff's June 24, 2004 filing of an amended complaint {"Amended Complaint") that corrected the misspelling.

On July 26. 2004, Janeiro filed another motion to dismiss, this time asserting that (1) the court lacks subject matter jurisdiction because Cablevision cannot satisfy the requirements for showing that declaratory relief, pursuant to 28 U.S.C. § 2201, is appropriate; (2) the complaint fails to set forth a valid claim for relief.

For the reasons set forth below, Defendant's motion to dismiss is denied.

## II. Analysis

### A. Background

Motions to dismiss pursuant to FED. R. CIV. P. 12(b)(1) are appropriate where the district court lacks jurisdiction over the subject matter of the dispute. In considering a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6), the court accepts as true all material factual allegations in the complaint and draws all reasonable inferences in favor of the non-movant. *Still v. DeBuono*, 101 F.3d 888, 891 (2d Cir. 1996). The court may

grant the motion only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of [its] claim which would entitle [it] to relief." *Id.* at 891.

### B. Defendant's Motion To Dismiss For Lack Of Subject Matter Jurisdiction

Defendant argues that this court lacks jurisdiction because Plaintiff has failed to provide facts to indicate that there is an "actual controversy," or that Defendant is an "interested party," and, as such, Plaintiff has failed to file an "appropriate pleading," all of which is required by 28 U.S.C. §2201.

Defendant's argument fails to recognize Plaintiff's limited burden at this stage of the litigation and, in any event, mistakes the basis for federal jurisdiction in this case. As Plaintiff points out, this court has jurisdiction pursuant to 28 U.S.C. §1331, which provides for federal jurisdiction over all cases arising under federal laws, including, of course, the Communications Act of 1934.

Therefore, Defendant's motion to dismiss for lack of subject matter jurisdiction must be denied.

### C. Defendant's Motion To Dismiss For Failure To State A Claim

Defendant argues that Plaintiff has alleged insufficient facts to support its allegations and, therefore, has failed to state a cognizable claim. Defendant's argument is unpersuasive. Plaintiff has alleged that the Defendant was a subscriber to Cablevision services at all relevant times, purchased 'pirate' cable television equipment from a Las Vegas distributor, and used or assisted in the use of that equipment to descramble premium and/or pay-per-view services.

Because these allegations are adequate to meet Plaintiff's limited burden at this stage of the litigation, Defendant's motion to dismiss for failure to state a claim must also be dismissed.

### III. Conclusion

For the foregoing reasons, Defendant's motion to dismiss is DENIED.
It is so ordered.

Dated: White Plains, New York
April 26, 2005

Stephen C. Robinson, U.S.D.J